**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Milagros Flores,**<br>        Plaintiff,<br><br>            v.<br><br>**Sally Jewell,**<br>        Defendant. | CIVIL NO. 13-1201 (PG) |

<u>**ORDER**</u>

Before the court is the plaintiff's motion for reconsideration of the court's order dismissing the complaint with prejudice for lack of prosecution (Docket No. 32). For the reasons explained below, the court **DENIES** the motion.

**I.   BACKGROUND**

On March 8, 2013, plaintiff Milagros Flores (hereinafter "plaintiff" or "Flores") filed the above-captioned case against the Secretary of the United States Department of Interior alleging she was discriminated and retaliated against by her employer, the National Park Service, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. See Docket No. 1. In May 2014, the parties requested that the case be referred to mediation "as soon as practicable." Docket No. 17 at p. 18. That request was reiterated during the initial scheduling conference held **on May 19, 2014**, **at which time the parties also apprised the court of settlement efforts up to that point** and their intention to proceed with the same. See Docket No. 20. Per the parties' stipulation, the case was referred to mediation, but the parties did not comply with the court's order to commence mediation proceedings. Approximately three years after the complaint was filed, on April 4, 2016, the parties were ordered to inform the court of the case's status by April 13, 2016.[1] The court further warned that **dismissal for lack of prosecution would be considered as a sanction if the parties failed to comply**. Docket No. 22.

---

[1] Pursuant to this court's order at Docket No. 21, since at least May 2014, this case was flagged and reported as "referred to mediation" in the court's case management/electronic filing case system (CM/ECF). It was during the first week of April 2016, that the case's period of inactivity was brought to the undersigned's attention via the civil cases report and the docket report generated by CM/ECF.

Between April and May 2016, the parties filed three informative motions stating that a settlement had yet to be reached between them, notwithstanding their "significant and periodic settlement discussions." See e.g. Docket No. 26. They also requested successive extensions of time within which to conclude settlement negotiations. The court granted them a **final extension of time**, until June 10, 2016, to submit settlement papers. That warning went unheeded: the deadline elapsed without any filing on the parties' behalf. Pursuant to the court's "unquestionable authority to dismiss a case...for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of a defendant," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365, 367 (D.P.R. 1998), the case was dismissed with prejudice under Fed.R.Civ.P. 41(b).[2] Docket No. 30.

On June 29, 2016, plaintiff filed a motion under Fed.R.Civ.P. 59(e) requesting reconsideration of the court's order dismissing the case with prejudice. Docket No. 32.

## II. STANDARD OF REVIEW

A party may seek to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure so long as the motion is filed "no later than 28 days after the entry of the judgment." Fed.R.Civ.P.59(e). The rule, however, "does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court." Ira Green, Inc. v. Military Sales & Service Co., 775 F.3d 12, 27 (1st Cir.2014). The First Circuit has held that Rule 59(e) motions are granted only "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Ocasio-Hernandez v. Fortuño-Burset, 777 F.3d 1, 9 (1st Cir.2015) (citing Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir.2014)). Notwithstanding, the court's "discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed sparingly." Ira Green, Inc.,

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). Nevertheless, First Circuit precedent gives district courts broad discretion to involuntarily dismiss a case under Rule 41(b) in order to further its case management responsibilities. See Garcia-Perez v. Hosp. Metropolitano, 597 F.3d 6 (1st Cir.2010); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65 (1st Cir.1999).

775 F.3d at 27 (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir.2006)).

"Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30. Also, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC, 794 F.3d 200, 208 (1st Cir.2015) (citing Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir.2005); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997)).

### III.   DISCUSSION

In her motion for reconsideration, plaintiff first argues that she prosecuted her claims by engaging in substantive settlement discussions with the defendant with the intention of ending the instant litigation. Plaintiff asserts that the three informative motions filed in April and May of 2016 (Docket Nos. 23, 26 & 29) evince that her "prosecution...is alive and kicking." Docket No. 32 at p. 4. Second, Flores argues that the court did not warn the parties that it was considering dismissal as a sanction. She also points out that at the time of the dismissal, a significant delay in responding to deadlines had not occurred. See id. at pp. 4-6. Finally, Flores faults the court for failing to move the case along and for not considering whether a lesser sanction might have sufficed. See id.

As discussed in the court's dismissal order, see Docket No. 30, federal district courts possess broad discretion in deciding whether to dismiss a case for failure to prosecute. See The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010); Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1 (1st Cir.2006). The appropriateness of a particular sanction, such as dismissal with prejudice, depends on the circumstances of the case. See id. at 44 (citing Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir.2005)). When determining which sanction to impose in a given case, the court considers a number of substantive factors, including, without limitation: "the severity of the violation,

the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Benitez-Garcia, 468 F.3d at 5 (quoting Robson v. Hallenbeck, 81 F3d 1, 2-3 (1st Cir.1996)).

Most of the factors recited above lend themselves to a single discussion. And we begin with one that plaintiff evidently overlooked: her protracted inaction. Although Flores claims that she has zealously prosecuted her case, the fact of the matter is that by the time the court ordered the parties to file an informative motion regarding the case's status on April 4, 2016 (Docket No. 22), over 600 days of absolute inactivity had elapsed. None of the informative motions filed thereafter (Docket Nos. 23, 26 & 29) clarified, much less justified, the litigants' inaction during that period. Flores' motion for reconsideration does not set forth a satisfactory explanation for the perennial lack of progress in her case for approximately two years, either.[3] Perhaps most significant is the fact that the parties made no effort to communicate good cause in order to excuse their failure to mediate the case in violation of this court's order. See Docket No. 21. What is more, the litigants' prolonged silence after the fact was misleading to the court and, effectively, pulled the wool over the court's eyes. The severity of these violations is not only offensive, but also indicative of deliberate misconduct. See Torres-Vargas, 431 F.3d at 393 (finding a party's disregard of a court order to be a "paradigmatic example of extreme misconduct").

On the other hand, the court recognizes that the pendency of settlement negotiations is an acceptable excuse for some delay in a plaintiff's prosecution of his or her case. See Figueroa v. Ethicon Corp., 185 F.R.D. 17, 18-19 (D.P.R.1999). Nonetheless, ongoing settlement efforts or discussions are not an excuse where the delay is unreasonably long, or if they continue after it is apparent that the negotiations would not be fruitful. See id. (quotations and citations omitted); de la Torre v. Continental 15 F.3d 12 (1st Cir.1994)(fact that settlement negotiations were in progress did not excuse party from making required court filings).

---

[3] That is, of course, with the exception of plaintiff's misplaced reliance on periodic settlement discussions with the defendant as indication of her active pursuit of her claims. See infra.

In the instant case, the parties' settlement discussions spanned for over two years. Thus, however genuine or advanced, the court finds that such settlement negotiations do not excuse plaintiff's protracted inaction and the pattern of unreasonable delay in this case. Nothing in the record indicates that the parties were any closer to making progress on the negotiations than they were at the initial stages of the action. Furthermore, that the defendant "was actively pursuing settlement of all claims with [Flores]" and, therefore, was "not affect[ed] significantly" is of little or no consequence. Docket No. 32 at p. 6. It is the lack of due diligence on plaintiff's part --not the prejudice to her adversary-- that weighs heavily against plaintiff.

Plaintiff further contends that there was no significant delay in responding to deadlines on the parties' part. See id. But the record shows otherwise. It is worth reiterating, however, that with each informative motion filed in April and May of 2016, the parties requested successive extensions of time within which to conclude settlement negotiations. However, they failed to comply with the self-imposed deadline of June 10, 2016 to submit settlement papers, which was granted by the court as a **final extension**. Flores remains unconvinced with the court's ruling because "[t]he parties' delay, if indeed there was one, was a scant three (3) days." Id. at p. 6. Her argument is inapposite.

The court measures that "delay" in light of the history of the litigation and the parties' conduct in drawing out the case by proceeding in a dilatory fashion. Significantly, the failure to comply with self-imposed deadlines weighs heavily against plaintiff. See Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir.2002)(noting that the plaintiff's requests for successive extensions of time impliedly promised compliance by end of the aggregate period)(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir.2002)(finding that absent extraordinary circumstances, a litigant's failure to adhere to a self-imposed deadline warrants an inference of deliberate manipulation)); see also Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012)(reiterating that "[i]f [the court] sets a reasonable due date, parties should not be allowed ... painlessly to escape the foreseeable consequences of noncompliance.")(quoting Mendez v. Banco Popular de P.R., 900 F.2d 4, 7

(1st Cir.1990)). We also note that the record contains absolutely no indication of discovery or trial preparation by counsel during this time, such that absent the court's decisive stroke to dismiss for lack of prosecution, the case would remain in the court's docket without any real advancement towards resolution.

Based on the foregoing, the only sanction that the court could impose after the attitude exhibited by the litigants, particularly by misleading the court, defying deadlines and ignoring warnings, and the unreasonable period of inactivity (measured in years) was dismissal with prejudice, not least because the litigants and their attorneys abused the judicial process by perpetuating an action that was not being seriously prosecuted inside or outside the court. See Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir.1990)(finding that district court need not consider lesser sanctions where a party is "guilty not only of simple delay but of disobedience of a court order as well").

### IV. CONCLUSION

To the extent that plaintiff seeks reconsideration under Rule 59(e), she had to "either establish a clear error of law or point to newly discovered evidence of sufficient consequence to make a difference." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 518 (1st Cir.2016)(citing Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607, 612 (1st Cir.2000)). After a close examination of plaintiff's arguments, the court finds that she has failed to meet this standard. Thus, plaintiff's motion for reconsideration under Rule 59(e) must be denied.[4]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 3, 2016.

            S/JUAN M. PÉREZ-GIMÉNEZ
            **JUAN M. PEREZ-GIMENEZ**
            **SENIOR U.S. DISTRICT JUDGE**

---

[4] Even if the court were to examine the motion for reconsideration under the provisions of Fed.R.Civ.P. 60(b), Plaintiff's arguments do not come close to meeting any of the rule's valid grounds for extraordinary relief. See e.g. Cintron-Lorenzo, 312 F.3d at 527-528(reviewing plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) under the standard of Rule 60(b), and concluding that district court acted within its discretion in both dismissing plaintiff's case for lack of prosecution and in denying motion for reconsideration under Fed.R.Civ.P. 59(e)).